

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,915-01

### EX PARTE KENNIS GATSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W10-55338-Y (A) IN THE CRIMINAL DISTRICT COURT NO. 7
### FROM DALLAS COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, and RICHARDSON, JJ., joined. YEARY, J., filed a concurring opinion in which KEASLER, and HERVEY, JJ., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated sexual assault with a deadly weapon and sentenced to imprisonment for seventy-five years.

Applicant's alleges, *inter alia*, that he received ineffective assistance of counsel at his trial. The State responded to Applicant's claim, in pertinent part:

The State believes that further factual investigation is necessary to determine the merit, if any, to applicant's instant habeas allegations of ineffective assistance of counsel. To that end, the State requests that this Court issue an order designating issues and gather evidence by way of affidavit from defense counsel. Pending production of evidence substantiating applicant's claim, the State denies Applicant's allegations.

On September 30, 2013, the trial court entered a timely order designating issues as requested by the State. Subsequently, on May 11, 2015, the trial court entered an "Order to Produce Affidavit" directed toward trial counsel, Mr. Kenneth Weatherspoon, who had failed to provide an affidavit "despite numerous reminders to do so." The instant application was then forwarded to this Court without an affidavit from counsel, or the designated issues being resolved by the trial court.

The habeas record has been forwarded to this Court prematurely. We remand this application to the Criminal District Court Number Seven of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.[1]

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish

---

[1] We take this opportunity to remind the trial court that it may hold counsel in contempt for failing to obey its order to produce an affidavit in response to Applicant's claims.